LABORDE, Judge.
Defendant-Appellant, Western Preferred Casualty Company, is appealing the trial court’s award of damages in the amount of $9,425.00 to V.R. Martin, Appellee. Finding that the trial court did not commit manifest error, we affirm. The issues presented on appeal are:
(1) Whether or not the trial court erred in finding that the damage was caused by the trailer overturning.
(2) Whether or not the trial court erred in its interpretation of the policy exclusion.
This action arose out of an incident which occurred on September 10, 1980. Martin was driving a 1974 GMC 2.5 ton truck which he used in his business of hauling wood products. Martin was in the process of making a left turn from Louisiana Highway 377 onto Louisiana Highway 112, when the trailer he was pulling overturned. As a result of this accident, the cab of the truck was damaged in the amount of $9,925.00.
Western had in force a policy of insurance which covered Martin’s truck at the time of this incident. The policy contained the following limitation:
“No coverage hereunder shall apply for losses caused by shifting of loads, of malfunctions of coupling devices, except that if the vehicle collides with another object or overturns, such subsequent damage (only) shall not be excluded.”
Western refused to pay for the damages contending that the above exclusion was applicable. Martin subsequently filed suit for damages on November 26, 1980. The court found that the overturning of the trailer caused subsequent damage to the cab of the truck, therefore, the exclusion was not applicable and Western was liable for the damages sustained by Martin.
Western contends on appeal that the damage to the cab was caused by the load shifting to the front which occurred prior to the trailer overturning. Therefore, Western argues that that trial court was clearly wrong in finding the damage to the cab occurred subsequent to the trailer overturning.
The question of when the damage to the cab occurred is a factual one. The standard of appellate review applicable here is stated in Canter v. Koehring Company, 283 So.2d 716 (La.1973):
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error.”
Manifest error was interpreted by the Louisiana Supreme Court in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978):
“Manifestly erroneous,” in its simplest terms, means “clearly wrong.” We said, then, that the appellate court should not disturb such a finding of fact unless it is clearly wrong. Therefore, the appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong (manifestly erroneous).”
From our review of the record we cannot find that the trial court was manifestly erroneous in determining that the damage to the cab insued from the trailer overturning.
Western contends that the trial court misinterpreted the language of the policy exclusion. The exclusion contains an exception when “the vehicle collides -with another object or overturns, such subsequent damage (only) shall not be excluded.” Having determined that the damage occurred subsequent to the trailer overturning, we hold the trial court was correct in finding the policy exclusion was not applicable.
*17 For the above reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.